# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN MOULTRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00906-JPG |
| | ) |
| COUNTY OF JACKSON, and | ) |
| OFFICER KITTLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Stephen Moultrie brings this action pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. He claims that he was denied medical treatment for his broken hand while in the custody of the Carbondale Police Department and Jackson County Jail. He is seeking monetary damages.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Although Plaintiff's current address appears to be residential, the determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act, must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). At the time Plaintiff filed the lawsuit, he was in custody at the Jackson County Jail, and so he is a "prisoner" for the purposes of the PLRA. 28 U.S.C. § 1915A(c) (defining the term "prisoner").

## The Complaint

Plaintiff makes the following allegations: On March 31, 2019, Plaintiff was arrested and taken into custody by the Carbondale Police Department. (Doc. 7, p. 6). He told Officer Kittler that his hand was broken due to an incident earlier in the day, but Kittler ignored his request for medical treatment. (*Id.*). Instead, Kittler performed a gunshot residue test on his hands causing more pain to his injured hand. While in custody of the Jackson County Jail, he continued to be denied medical treatment for his hand. For twelve days he was in pain and had difficulty completing everyday tasks. He did not receive treatment until April 11, 2019, but by this time his hand had healed incorrectly. (*Id.*).

## Preliminary Dismissal

Plaintiff names the County of Jackson as a defendant. Municipalities can be held liable pursuant to Section 1983 if they have an official policy or unofficial custom that causes constitutional violations. *Monell v. N.Y.C. Dep't of Soc. Servs.* 436 U.S. 658, 691 (1978). Plaintiff does not claim that his constitutional deprivations were caused by a policy or custom, only that the County of Jackson is the employer for the defendants. (Doc. 7, p. 1). As a there is no supervisory liability under Section 1983, the County of Jackson and any claims against it will be dismissed without prejudice from this action. *See Monell* 436 U.S. at 690 ("municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); *Rossi v. City of Chi.* 790 F. 3d 729, 737 (7th Cir. 2015).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following Count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by this Court:

**Count 1:** Failure to treat and inadequate medical care claim against Officer Kittler for refusing to obtain medical treatment for Plaintiff's broken hand.

**Any claims that are not identified above should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Count 1

Because Plaintiff claims that the constitutional violations occurred following arrest, it is not clear whether he was an arrestee or detainee at the time his claims arose. Regardless, the Fourth Amendment governing "the period of confinement between arrest without a warrant and the [probable cause determination]" and the Fourteenth Amendment Due Process Clause applicable to pretrial detainees both apply an objectively unreasonableness standard to a defendant's actions. *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (quoting *Villanova v. Abrams,* 972 F.2d 792, 797 (7th Cir. 1992)); *Miranda v. Cty. Lake,* 900 F.3d 335, 351 (7th Cir. 2018).

Plaintiff's claims that Officer Kittler knew his hand was broken and ignored his request for medical treatment is sufficient to survive screening. Therefore, Count 1 will proceed against Kittler.

### Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[3] Plaintiff does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**Disposition**

**IT IS ORDERED** that **COUNT 1** shall proceed against **Officer Kittler** and all claims against **County of Jackson** are **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to terminate the **County of Jackson** as a defendant in this action.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Officer Kittler**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

The Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**
**DATED: November 21, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**