UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN MOULTRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:19-cv-00906-GCS |
| BRANDON KITTLE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Stephen Moultrie brought suit against Defendant Brandon Kittle on August 20, 2019, pursuant to 42 U.S.C. § 1983. (Doc. 1). On October 8, 2019, Plaintiff filed a notice of change of address with the Court. (Doc. 12). The Court then entered a scheduling order on December 17, 2019, which required that Plaintiff provide Defendant with his initial disclosures by January 17, 2020. (Doc. 24). However, this document was returned to the Court as undeliverable. (Doc. 25).

On January 21, 2020, the Court held a telephonic status conference, at which Plaintiff failed to appear. (Doc. 27). The Court entered a show cause order the following day, directing Plaintiff to show cause in writing for his failure. (Doc. 28). These documents were also returned as undeliverable. (Doc. 29, 30). On February 7, 2020, Plaintiff nevertheless provided cause explaining his failure to appear; he also updated his address with the Court. (Doc. 31). Though the Court discharged the show cause order, it

warned Plaintiff that he was under a continuing obligation to keep the Court apprised of his mailing address. (Doc. 32).

On February 17, 2020, Defendant moved to dismiss the case for lack of prosecution, as Plaintiff failed to provide his initial disclosures by the January 17th deadline and was otherwise non-responsive to Defendant's outreach. (Doc. 33). The Court held a hearing on this motion on April 27, 2020. (Doc. 40). When setting this hearing, the Court warned Plaintiff that the failure to appear could result in dismissal of this action. (Doc. 38). As Plaintiff did not appear at the hearing, the Court granted Defendant's motion to dismiss.

Now before the Court is Plaintiff's motion to re-open this case, which Plaintiff filed on October 19, 2021. (Doc. 43). Plaintiff explains that he did not receive mail about the motion to dismiss because he was recently forced to vacate his premises, and the new tenant did not forward Plaintiff's mail to him. *Id.* However, Plaintiff does not provide an updated address at which to reach him. For the reasons delineated below, the motion for reconsideration is **DENIED.**

Courts are to consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth*

*v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). Movants must file a Rule 59(e) motion within twenty-eight days of the order.

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). *See also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988)(describing a Rule 60(b) ruling as "discretion piled upon discretion") (internal citations omitted). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. However, in order to preserve the finality of judgments, Rule 60(c) nevertheless requires that a moving party file for relief under Rule 60(b)(1), (2), or (3) within a "reasonable time." FED. R. CIV. PROC. 60(c)(1).  A "reasonable time" period may extend no more than one year from the date of the judgment in question. *See id.*; *see also Edwards-Brown v. Crete-Monee 201-U School Dist.*, No. 11-1623, 491 Fed. Appx. 744, 747 (7th Cir. Aug. 7, 2012).

Plaintiff's underlying reason for requesting reconsideration is most similar to the surprise or excusable neglect outlined in Rule 60(b)(1). Plaintiff explains that he was forced to vacate his premises due to financial hardship. (Doc. 43, p. 3). The tenant who moved into his former premises did not forward Plaintiff his mail. *Id*. Plaintiff therefore lacked the notice necessary to attend the hearing on Defendants' motion to dismiss or to otherwise respond to the motion. *Id.* However, because Plaintiff filed this motion on

October 19, 2021, more than one year and six months after the entry of judgment in this case, his motion is untimely under Rule 60(c)(1). The Court must therefore deny the motion.

Even if Plaintiff's motion was timely, Plaintiff nevertheless fails to demonstrate excusable neglect in responding to Defendants' motion to dismiss. Courts are to apply a narrow standard in evaluating excusable neglect. Specifically, the Court considers prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See, e.g.*, *Sherman v. Quinn*, 668 F.3d 421, 425-426 (7th Cir. 2012)(considering excusable neglect in the context of the Federal Rules of Appellate Procedure). This narrow standard is necessary to reinforce that "[s]cheduling orders and court-imposed deadlines matter." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Although *pro se* plaintiffs are often given a fair amount of latitude during the course of litigation, "even *pro se* litigants must follow procedural rules[,]" including the deadlines set by the Court. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Excusable neglect is distinct from mere neglect. In order to succeed in showing excusable neglect, the moving party must provide a meaningful explanation for the missed deadline. *See Bowman*, 962 F.3d at 998 (internal citations omitted). This showing is required even if the non-moving party has not suffered prejudice as a result of the delay. *Id.* (citing to *United States v. McLaughlin*, 470 F.3d 698, 700-701 (7th Cir. 2006)).

Though Plaintiff did not receive mail at his new address, Plaintiff provides no explanation as to why he did not update his address with the Court, as he is required to

do under the local rules. *See* SDIL-LR 3.1(b). The Court previously warned Plaintiff that he is under a continuing obligation to keep the Court informed regarding changes to his address. (Doc. 32). In fact, had Plaintiff taken the simple step to change his address with the United States Postal Service ("USPS") in a timely manner, the mail that was being sent to his old address would have been forwarded to his new address. In light of this, the Court finds that Plaintiff's neglect in failing to update his address in a timely manner, either with the Court or the USPS, is inexcusable.

Furthermore, Defendants initially moved to dismiss this case because Plaintiff failed to provide his initial disclosures. The Court required Plaintiff to provide such disclosures by January 17, 2020. (Doc. 33). Plaintiff offers no explanation as to why he failed to comply with the Court's scheduling order mandating that he participate in discovery. *See* (Doc. 24). This failure also constitutes inexcusable neglect. Accordingly, Plaintiff has not met the necessary prerequisites for reconsideration under Rule 60(b)(1), and his motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED: October 21, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.10.21
15:55:09 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**